IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES DEAN WALTON, SR., LINDA JANE MCGEE, and NICHOLAS CAVNAR as personal representative for the estate of JAMES D. WALTON JR., and KENNETH A. BRYANT, III, as personal representative for the estate of RICHARD GREGORY CHITTICK,<br><br>    Plaintiffs Below, Appellants,<br><br>    v.<br><br>ROGER LOUIE COLE,<br><br>    Defendant Below, Appellee. | § § § § § § § § § § § § § § § § § § § § § § | No. 273, 2020<br><br>Court Below—Superior Court of the State of Delaware<br><br>C.A. No. N18C-04-314 |

Submitted: September 21, 2020
Decided: September 25, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After consideration of the notice of appeal and the supplemental notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1)    The appellants ("Plaintiffs") in this wrongful-death action are the personal representatives of the estates of James D. Walton Jr. and Richard Gregory

Chittick. Walton and Chittick died when a vehicle driven by the appellee, Roger Louie Cole, struck them at a high rate of speed while they were standing outside a restaurant in Dewey Beach, Delaware. The Plaintiffs have petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Superior Court's opinion dated August 17, 2020, which granted in part Cole's motion for summary judgment.

(2) The parties do not dispute that the accident occurred because Cole experienced a seizure that rendered him physically and mentally incapable of controlling the vehicle. Cole sought summary judgment under the sudden medical emergency doctrine. Specifically, he argued that the seizure was unforeseeable and the accident was unavoidable as a result of the medical event. The Plaintiffs contended that there were genuine issues of material fact concerning whether Cole should have foreseen the seizure because of his lack of compliance with certain aspects of his medical treatment. They also argued that the accident was avoidable because Cole experienced pre-seizure symptoms for approximately one minute before the accident, during which he could have safely pulled the vehicle to the side of the road and therefore avoided the accident.

(3) The Superior Court granted Cole's motion for summary judgment in part and denied it in part. The court determined that there was no genuine issue of material fact on the issue of the foreseeability of the seizure, and granted Cole's

2

motion for summary judgment on that issue.[1]  The court determined that there was a genuine issue of material fact regarding whether Cole could have avoided the accident by pulling to the side of the road before the seizure rendered him incapable of controlling the vehicle, and therefore denied Cole's motion for summary judgment on that issue.[2]

(4)     The Superior Court denied the Plaintiffs' application for certification of an interlocutory appeal.[3]  The court rejected the Plaintiffs' argument that its decision on the foreseeability issue conflicted with the decision[4] in *Lutzkovitz v. Murray*, in which this Court held that the "jury should have been apprised of that law, applicable to the facts elicited by plaintiffs, to the effect that where a driver of a vehicle suddenly becomes physically or mentally incapacitated without warning, he is not liable for injury resulting from the operation of a motor vehicle while so incapacitated; but where a prima facie case of negligence has been established by the plaintiff, the burden of proof is on defendant to show sudden illness or attack and that such illness or attack was unanticipatable and unforeseen."[5]  The court also

---

[1] *Walton v. Cole*, 2020 WL 4784599, at *5 (Del. Super. Ct. Aug. 17, 2020).
[2] *Id.*
[3] *Walton v. Cole*, 2020 WL 5498685 (Del. Super. Ct. Sept. 10, 2020).
[4] DEL. SUPR. CT. R. 42(b)(iii)(B).
[5] 339 A.2d 64, 67 (Del. 1975).

rejected the Plaintiffs' contention that interlocutory review would serve considerations of justice[6] by reducing further litigation.

(5) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[7] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[9]

(6) Similarly, the considerations set forth in Rule 42(b)(iii) do not weigh in favor of interlocutory review in this case. Interlocutory review might either increase or decrease the costs of litigation in this case. The Plaintiffs have not identified conflicting decisions of the trial courts on the legal issues presented; if the Superior Court erred in its application of the law to the facts of this case, then that error can be remedied on appeal from a final judgment.

---

[6] DEL. SUPR. CT. R. 42(b)(iii)(H).
[7] *Id.* 42(d)(v).
[8] *Id.* R. 42(b)(ii).
[9] *Id.* R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is
REFUSED.

BY THE COURT:


*/s/ Collins J. Seiz, Jr.*
Chief Justice